FILED SEP 15 2010 CLERK'S OFFICE DETROIT

FILED SEP 15 2010 CLERK'S OFFICE DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRADFORD KING,

    Plaintiff,

v.

MICHAEL MOYES, et. al.,

    Defendants,
_____/

Civil No. 2:10-13562
HONORABLE STEPHEN J. MURPHY, III
UNITED STATES DISTRICT JUDGE
HONORABLE MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Dennis Bradford King, ("plaintiff"), presently confined at the Marquette Branch Prison in Marquette, Michigan, has filed a civil rights complaint in this district. In his complaint, plaintiff alleges that Defendant Michael Moyes, a Michigan State Police officer stationed in Traverse City, Michigan, pulled him over for a traffic violation in Benzie County, Michigan. Plaintiff claims that he was subsequently arrested by Trooper Moyes for an outstanding warrant for nonsufficient funds checks. Plaintiff then claims that Trooper Moyes illegally searched his motor vehicle. Plaintiff claims that Trooper Moyes testified against him at a preliminary examination in the Benzie County Circuit Court, after which he was bound over for trial. Plaintiff does not indicate what he was charged or convicted of, but the Michigan Offender Tracking System, which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that plaintiff was convicted on his *nolo contendere*

1

plea in the Benzie County Circuit Court of one count of delivery or manufacture of less than fifty grams of cocaine and being a second felony habitual offender and was sentenced on September 9, 2008 to three years, four months to thirty years in prison. Plaintiff claims that defendant David G. Hoft, his trial attorney, provided ineffective assistance of counsel at sentencing by failing to object to petitioner being charged as an habitual drug offender.

## I. DISCUSSION

In the present case, all of the actions complained of by plaintiff took place in Benzie County, Michigan, which is located in the Western District of Michigan. Both of the defendants reside in the Western District of Michigan. Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. See *United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. See *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the

forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place in Benzie County, Michigan, which is located in the Western District of Michigan. *See Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). In addition, change of venue is proper in this case, because all of the relevant documents and other sources of proof that could support plaintiff's claims are also located in the Western District. *Id.* Because Benzie County, Michigan was the primary situs of the material events in plaintiff's civil rights lawsuit, plaintiff's choice of forum has little weight in the Court's determination. *See Boyd v. Snyder,* 44 F. Supp. 2d 966, 971 (N.D. Ill. 1999).

In this case, venue for plaintiff's lawsuit against the defendants is not proper in the Eastern District of Michigan, because plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in the Eastern District of Michigan. *See Miles v. WTMX Radio,* 15 Fed. Appx. 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the Western District of Michigan, where plaintiff alleges that the civil rights violations occurred. Accordingly, this matter will be transferred to the Western District of Michigan for further proceedings.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: September 15, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 15, 2010.

S/G. Wilson
Judicial Assistant